IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY MILES,

    **Plaintiff,**

v.

DAVID W. MITCHELL, S. BROWN, C. HALE, ROB JEFFREYS, DEBBIE KNAUER, P. MYERS, PERRY COUNTY, ILLINOIS, STATE OF ILLINOIS, and PINCKNEYVILLE CORRECTIONAL CENTER,

    **Defendants.**

Case No. 23-cv-3563-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Pinckneyville Correctional Center. Miles's original Complaint (Doc. 1), alleging the inability to obtain refills for medication, was dismissed without prejudice for failure to state a claim (Doc. 9). Miles was granted leave to file an amended complaint. In his Amended Complaint (Doc. 15), Miles alleges that Dr. P. Myers failed to refill his medications.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Miles makes the following allegations: From November 9, 2021, until December 14, 2021, Miles was housed in a healthcare unit isolation cell for a clogged artery in his left leg (Doc. 15, p. 8). While housed in the healthcare unit, Miles asked Dr. Myers for a refill of two prescription creams including triamcinolone acetonide (a corticosteroid) cream and an antifungal cream (*Id.*). He also asked for use of a nail cutter and noted neck and chest pain (*Id.*). Dr. Myers told him that he needed to ask for one thing at a time. He also instructed Miles to submit a sick call request form once he was released to general population (*Id.*). Miles alleges that Dr. Myers failed to conduct a medical screening during his stay in the isolation cell (*Id.*). Miles wrote a grievance that was denied by counselor S. Brown, grievance officer C. Hale, warden David Mitchell, Administrative Review Board members Adwale Kuforiji and Debbie Knauer, and director Rob Jeffreys (*Id.* at pp. 8-9).

## Preliminary Dismissals

To the extent that Miles identifies the State of Illinois, Perry County, and Pinckneyville Correctional Center as potential defendants, Miles fails to state a claim. Neither the State of Illinois nor Pinckneyville Correctional Center can be liable because neither entity is considered a "person" within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state "Department of Corrections is immune from suit by virtue of Eleventh Amendment"). Miles also identifies Perry County as a defendant but fails to include any allegations

involving the county. It appears he merely lists the county as the location of the prison. Thus, the claims against the State of Illinois, Pinckneyville Correctional Center, and Perry County are **DISMISSED**.

Miles also identifies grievance officials, who he alleges failed to remedy the situation with his medical care, but these officials cannot be liable for simply responding to or denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Miles fails to state a claim against S. Brown, C. Hale, David Mitchell, Adwale Kuforiji, Debbie Knauer, and director Rob Jeffreys.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Myers for failing to provide Miles with refills for his medical creams, access to a nail clipper, and care for his complaints of neck and chest pains.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Simply put, Miles again fails to state a claim. Miles once again alleges that Dr. Myers failed to provide him with refills of his medical creams. As mentioned above, these creams include a corticosteroid and an antifungal cream. But Miles fails to indicate what conditions the creams were supposed to treat or why he needed them refilled. To state a claim for deliberate indifference, a plaintiff must allege that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). *See also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The medical need must be objectively serious, meaning "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 622 (7th Cir. 2008). Chronic pain can be a serious medical condition. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).

Miles simply fails to identify a serious medical condition because his allegations fail to indicate what condition required access to the stated creams. He merely states he needed the creams. His Amended Complaint also fails to provide any indication as to his need for a nail cutter. There is simply nothing in the pleading to suggest that he suffered from a serious medical condition that would have necessitated Dr. Myers's providing Miles with his requested creams or a nail cutter.

Miles also alleges that he complained of chest and neck pain. Although such allegations could amount to a serious medical condition, those allegations are already the subject of another case currently pending before the Court. *See Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"). The allegations regarding his chest pain in this case are duplicative of the claims in *Miles* 11. Miles cannot pursue the same claim against the same

4

parties in parallel suits. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012). Thus, to the extent Miles wishes to pursue claims regarding his chest and neck pain, he should pursue the claims in *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"). He cannot pursue identical claims in this case.

Miles also cites numerous statutes, stating that he qualifies as a disabled individual under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), suffers from a serious mental illness, and is protected by the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Doc. 15, p. 9). But Miles fails to offer any allegations to suggest a violation of any of these statutes.

For these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim, and he has been unable to do so. The Court finds that a further amendment would be futile. The Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 17) is **DENIED as moot**.

## Disposition

For the reasons stated above, Miles's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to

appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 26, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**